IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MEIJUAN LIN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:26-cv-2366-N-BN |
| | § | |
| MARKWAYNE MULLIN, Secretary, | § | |
| U.S. Department of Homeland Security, | § | |
| ET AL., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER TRANSFERRING CASE

Petitioner Meijuan Lin, detained by U.S. Immigration and Customs Enforcement ("ICE") at the Bluebonnet Detention Facility in Anson, Texas, filed in the Dallas Division of this district a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2241. *See* Dkt. No. 3.

Petitioner paid the applicable filing fee.

And Senior United States District Judge David C. Godbey referred this matter to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Like Dallas, Anson – where Petitioner was physically confined when the habeas application was filed – is in the Northern District of Texas, but Anson is also within Jones County, which is in the Abilene Division of this district. *See* 28 U.S.C. § 124(a)(3).

"In general, '[t]he only district that may consider a habeas corpus challenge to present physical confinement pursuant to § 2241 is the district court in which the

[petitioner] is confined.'" *Dada v. Witte*, Civ. A. No. 20-1093, 2020 WL 1674129, at *2 (E.D. La. Apr. 6, 2020) (quoting *United States v. McPhearson*, 451 F. App'x 384, 387 (5th Cir. 2011) (per curiam) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004); *Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001))).

And, "[i]n challenges to present physical confinement," the United States Supreme Court has "reaffirm[ed] that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." *Padilla*, 542 U.S. at 439-40 (further noting that, "[i]f the 'legal control' test applied to physical-custody challenges, a convicted prisoner would be able to name the State or the Attorney General as a respondent to a § 2241 petition" but, "[a]s the statutory language, established practice, and our precedent demonstrate, that is not the case").

The undersigned's survey of recent immigration habeas cases, undertaken in a similarly postured action, revealed that "the immediate-custodian rule is alive and well." *Aguilar v. Johnson*, No. 3:25-cv-1904-K-BN, 2025 WL 2099201, at *1-*2 (N.D. Tex. July 25, 2025) (collecting cases).

And, so, consistent with the record and the established immediate-custodian rule that applies to this proceeding, venue is not proper in the Dallas Division of this district.

The Court may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also id.* § 1631; *Middlebrooks v. Smith*, 735 F.2d 431, 432 (11th Cir. 1984) ("Section 1631 is analogous in operation to 28 U.S.C. §§ 1404(a) and 1406(a).").

The Court may raise this issue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

And a magistrate judge may properly order that a case be transferred to another federal district or another division of the same court as a nondispositive matter under 28 U.S.C. § 636(b)(1)(A). *Cf. Franco v. Mabe Trucking Co.*, 3 F.4th 788 (5th Cir. 2021) (affirming order by magistrate judge, on pretrial management reference, transferring case under 28 U.S.C. § 1631 (but labeled by judge as 28 U.S.C. § 1406(a)) to another district for want of personal jurisdiction).

And, so, (1) because Petitioner was physically detained at an ICE facility in Jones County, in the Abilene Division of this judicial district, when this case was filed and (2) considering the nature of the habeas claims, the Court will immediately transfer this habeas action to the Abilene Division of the Northern District of Texas under Sections 1406(a) and 1631.

SO ORDERED.

DATED: July 22, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE